## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **LAURA ABRAMS on behalf of herself and all others similarly situated,**<br><br><br>**Plaintiff,**<br><br><br>**v.**<br><br>**THE SAVANNAH COLLEGE OF ART AND DESIGN, INC.,**<br><br><br>**Defendant.** | **CIVIL ACTION NO. 1:22-CV-04297-LMM**<br><br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Before this Court is Plaintiff's Unopposed Amended Motion for Preliminary Approval of Class Action Settlement ("Motion"). The Court has reviewed the Motion and Settlement Agreement between Plaintiff and Defendant The Savannah College of Art and Design, Inc. ("SCAD"). After reviewing Plaintiff's unopposed request for preliminary approval, this Court grants the Motion and preliminarily concludes that the proposed Settlement is fair, reasonable, and adequate.

IT IS HEREBY ORDERED THAT:

1.     The Settlement Agreement,[1] including the proposed notice plan and

---

[1] All capitalized terms used in this Order shall have the same meanings as set for in the Settlement Agreement.

forms of notice to the Settlement Class, the appointment of Plaintiff Laura Abrams

as the Class Representative, the appointment of Class Counsel for Plaintiff and the

Settlement Class, the approval of Atticus Administration, LLC ("Atticus") as the

Settlement Administrator, the various forms of class relief provided under the terms

of the settlement, and the proposed method of distribution of settlement benefits are

fair, reasonable, and adequate, subject to further consideration at the Final Approval

Hearing described below.

  2. The Court does hereby preliminarily and conditionally approve and

certify, for settlement purposes, the following Settlement Class:

> the individuals identified on the Settlement Class List whose certain
> personal information may have been involved in the Data Security
> Incident. Excluded from the Settlement Class are: (1) the judge
> presiding over this Action and members of her direct family; (2) the
> Defendant, its subsidiaries, parent companies, successors,
> predecessors, and any entity in which the Defendant or its parents have
> a controlling interest and their current or former officers, directors, and
> employees; and (3) Settlement Class Members who submit a valid
> Request for Exclusion prior to the Opt-Out Deadline.[2]

  3. For purposes of settlement, based on the information provided: the

Settlement Class is ascertainable; it consists of roughly 16,890 Settlement Class

Members satisfying numerosity; there are common questions of law and fact

including whether Defendant failed to implement and maintain reasonable security

---

[2] "Data Security Incident" shall mean the August 2022 cybersecurity incident against
SCAD giving rise to the Litigation.

procedures and practices appropriate to the nature and scope of the information compromised in the Data Security Incident, satisfying commonality; the proposed Class Representative's claims are typical in that she is a member of the Settlement Class and alleges she has been damaged by the same conduct as the other members of the Settlement Class; the proposed Class Representative and Class Counsel fully, fairly, and adequately protect the interests of the Settlement Class; questions of law and fact common to members of the Settlement Class predominate over questions affecting only individual members for settlement purposes; and a class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this Action.

4.      The Court appoints Plaintiff Laura Abrams as the Settlement Class Representative.

5.      The Court appoints Terence R. Coates, Justin C. Walker, and Dylan J. Gould of Markovits, Stock & DeMarco, LLC and N. Nickolas Jackson of The Finley Firm, P.C., as Class Counsel.

6.      The Court appoints Atticus Administration, LLC as the Settlement Administrator.

7.      A Final Approval Hearing shall be held before the Court on **Tuesday, September 19, 2023 at 10:00 a.m.** in Courtroom 2107 in the Richard B. Russell Federal Building, 75 Ted Turner Dr. SW, Atlanta, GA 30303 for the following purposes:

a. To determine whether the proposed Settlement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court;

b. To determine whether to grant Final Approval, as defined in the Settlement Agreement;

c. To determine whether the notice plan as conducted was appropriate;

d. To determine whether the claims process under the Settlement is fair, reasonable, and adequate and should be approved by the Court;

e. To determine whether the requested Class Counsel's combined attorneys' fees, of up to 1/3 of the Settlement Fund ($125,000.00), and litigation expenses up to $10,000.00 should be approved by the Court;

f. To determine whether the settlement benefits are fair, reasonable, and adequate; and,

g. To rule upon such other matters as the Court may deem appropriate.

8.      The Court approves, as to the form and content, the Notices (including the Short Notice). Furthermore, the Court approves the implementation of the Settlement Website and the proposed methods of mailing or distributing the notices substantially in the form as presented in the exhibits to the Motion for Preliminary Approval of Class Action Settlement, and finds that such notice plan meets the requirements of Fed. R. Civ. P. 23 and due process, and is the best notice practicable under the circumstances, and shall constitute due and efficient notice to all persons

or entities entitled to notice.

9.     The Court preliminarily approves the following Settlement Timeline

for the purposes of conducting the notice plan, settlement administration, claims

processing, and other execution of the proposed Settlement:

**SETTLEMENT TIMELINE**

| **Grant of Preliminary Approval** | |
|---|---|
| Settlement Administrator provides W-9 to SCAD | +5 days after Preliminary Approval Order |
| SCAD provides list of Settlement Class Members to the Settlement Administrator | +7 days after Preliminary Approval |
| Long Form and Short Form Notices Posted on the Settlement Website | +14 days after Preliminary Approval |
| Notice Deadline | +30 days after Preliminary Approval |
| Reminder Notice | +60 days after Notice Date |
| Class Counsel's Fee and Expense Application | +46 days after Notice Date |
| Objection Deadline | +60 days after Notice Deadline |
| Exclusion Deadline | +60 days after Notice Deadline |
| Claims Deadline | +90 days after Notice Deadline |
| Settlement Administrator Provide List of Objections/Exclusions to the Court and Settlement Administrator | +70 days after Notice Deadline |
| Initially Approved Claims List | +35 days after Claims Deadline |
| Initially Rejected Claims List | +35 days after Claims Deadline |
| Parties' Challenge to Any Claims | + 35 days from Initially Approved Claims List |
| | |
| **Final Approval Hearing** | +150 days after Preliminary Approval Order (at minimum) |
| Motion for Final Approval | -14 days before Final Approval Hearing Date |
| Settlement Administrator Provide Notice of Opt-Outs and/or Objections | -14 days before Final Approval Hearing Date |
| | |

5

| Final Approval | |
|---|---|
| Effective Date | +35 days after Final Approval Order |
| Payment of Attorneys' Fees and Expenses | +30 days after Effective Date |
| Settlement Website Deactivation | +90 days after Effective Date |

10.    In order to be a timely claim under the Settlement, a Claim Form must be either postmarked or received by the Settlement Administrator no later than 90 days after the Notice Date. Class Counsel and the Settlement Administrator will ensure that all specific dates and deadlines are added to the Notice and posted on the Settlement Website after this Court enters this Order in accordance with the timeline being keyed on the grant of this Order.

11.    Additionally, all requests to opt out or object to the proposed Settlement must be received by the Settlement Administrator no later than 60 days after the Notice Date. Any request to opt out of the Settlement should, to the extent possible, contain words or phrases such as "opt-out," "opt out," "exclusion," or words or phrases to that effect indicating an intent not to participate in the settlement or be bound by this Agreement. Opt-Out notices shall not be rejected simply because they were inadvertently sent to the Court or Class Counsel so long as they are timely postmarked or received by the Court, Atticus, or Class Counsel. Class Members who seek to Opt-Out shall receive no benefit or compensation under this Agreement.

12.    Class Members may submit an objection to the proposed Settlement under Federal Rule of Civil Procedure 23(e)(5). For an Objection to be valid, it must

be filed with the Court within 60 days of the Notice Date and include each and all of

the following:

(i)     The name of the proceeding;

(ii)    Settlement Class Members' full name, current mailing address, and

        telephone number;

(iii)   a statement of the specific grounds for the objection, as well as

        documents supporting the objection;

(iv)    the identity of any attorneys representing the objector;

(v)     a statement regarding whether the Settlement Class Member (or his/her

        attorney) intends to appear at the Final Approval Hearing;

(vi)    a statement identifying all class action settlements objected to by the

        Settlement Class Member in the previous five (5) years; and,\

(vii)    the signature of the Settlement Class Member or the Settlement Class

        Member's attorney. Any Objection failing to include the requirements

        expressed above will be deemed to be invalid. Furthermore, any Class

        Member objecting to the Settlement agrees to submit to any discovery

        related to the Objection.

13.    All Settlement Class Members shall be bound by all determinations and

judgments in this Action concerning the Settlement, including, but not limited to,

the release provided for in the Settlement Agreement, whether favorable or

unfavorable, except those who timely and validly request exclusion from the Settlement Class. The persons and entities who timely and validly request exclusion from the Settlement Class will be excluded from the Settlement Class and shall not have rights under the Settlement Agreement, shall not be entitled to submit Claim Forms, and shall not be bound by the Settlement Agreement or any Final Approval order as to SCAD in this Action.

14.   Pending final determination of whether the Settlement Agreement should be approved, Plaintiff and the Settlement Class are barred and enjoined from commencing or prosecuting any claims asserting any of the Released Claims against SCAD.

15.   The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the potential Settlement Class Members and retains jurisdiction to consider all further requests or matters arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modification as may be agreed to by the Parties or as ordered by the Court, without further notice to the Settlement Class.

IT IS SO ORDERED this 10th day of April , 2023.

_____
The Honorable Leigh Martin May
United States District Court
Northern District of Georgia, Atlanta Division

8