**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| LAURA ABRAMS on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>THE SAVANNAH COLLEGE OF ART AND DESIGN, INC.,<br><br>    Defendant. | CIVIL ACTION NO.<br>1:22-CV-04297-LMM |

**DECLARATION OF TERENCE R. COATES
IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

I, Terence R. Coates, hereby state that the following is true and accurate and based on my personal knowledge:

1.  The Settlement Agreement reached by the Parties was negotiated at arm's-length and is the result of hard bargaining. The Settlement Fund will resolve claims arising from the August 2022 Data Incident that impacted approximately 16,890 Class Members. The $375,000.00 non-reversionary common fund Settlement was reached only after several months of offers and counteroffers exchanged between the parties. The offers were informed by information obtained about the class size and the uniformity of the data elements potentially impacted by the Data Incident. Though negotiations commenced shortly after Plaintiff filed her

1

complaint in October 2022, the settlement in principle was not reached until February 3, 2023. These facts strongly support that there was no collusion or illegality within the settlement process.

2. The Settlement was reached after Defendant produced information discovery responses addressing the number of individuals whose information was impacted in the Data Incident, the notice that was sent to those individuals broken down by state, the uniformity of the data elements impacted, cybersecurity enhancements Defendant implemented, and other information about the Data Incident.

3. The Parties' settlement negotiations also involved discussions about the appropriate settlement structure for this case (claims made settlement v. common fund settlement).

4. Plaintiff was informed about the size of the class, that the data elements impacted (name, Social Security numbers, etc.) were uniform for all potential Class Members, that arbitration agreements had the potential to compel most Class Members' individual claims to arbitration, and SCAD had insurance coverage for Plaintiff's claims. With this information in hand, Plaintiff was able to appropriately analyze her and the Class's claims and to understand the potential for class-wide damages.

## THE SETTLEMENT IS A SUBSTANTIAL RECOVERY FOR THE CLASS

5.     A $375,000.00 common fund settlement for roughly 16,890 class members is a substantial recovery for the Class. Class Counsel's opinion that this $375,000.00 Settlement is fair and reasonable for the approximately 16,890 Class Members is informed by other data breach class action settlements based on the per class member recovery amount. For example, the following chart identifies the per class member value based on the common fund settlement amount for certain recent cases that also involved sensitive, private information such as Social Security Numbers:

| Case Name | Case Number | Settlement Amount | Class Size | Per Person |
|---|---|---|---|---|
| *Reynolds v. Marymount Manhattan College* | No. 1:22-cv-06846 (S.D.N.Y.) | $1,300,000 | 191,752 | $6.78 |
| *Tucker v. Marietta Area Health Care* | No. 2:22-CV-00184 (S.D. Ohio) | $1,750,000 | 216,478 | $8.08 |
| *Migliaccio v. Parker Hannifin Corp.* | No. 1:22-CV-00835 (N.D. Ohio) | $1,750,000 | 115,843 | $15.10 |
| *Lutz v. Electromed, Inc.* | No. 21-cv-2198-KMM-DTS (D. Minn.) | $825,000 | 47,000 | $17.55 |
| ***Abrams v. Savannah College of Art & Design, Inc.*** | **No. 1:22-cv-04297 (N.D. Ga.)** | **$375,000** | **16,890** | **$22.20** |

Class Counsel and Plaintiff believe that the Settlement in this case is fair and reasonable in that it exceeds the settlement amount recovered per class member in certain other recent data breach class action settlements.

## THE CLASS OVERWHELMINGLY SUPPORTS THE SETTLEMENT

6. A factor to consider in determining whether a settlement is fair, reasonable, and adequate is to review the Class's reaction to the settlement. As of September 8, 2023, roughly 16,890 Class Members who received notice of the Settlement. Over 1,820 Class Members submitted claims for compensation under the Settlement, meaning that 10.8% of the Class submitted claims, 1,664 of which were valid claims. Even considering just the valid claims of 9.9%, the Class responded very favorably to the Settlement. A claims rate of approximately 10% or more in a data breach settlement is a very high claims rate for a data breach class action settlement. Class Counsel have represented plaintiffs in many other data breach class action settlements, and a more than 10% claims rate matches the highest claims rate in a data breach class action settlement that they have handled to date. In addition to the more than 10% claims rate, only 12 Class Members requested to opt out of the settlement, with one of those opt-outs being untimely, in addition to one untimely objection to the Settlement. The more than 10% claims rate and very low rate of opt-outs and no timely objections to the Settlement are strong indicators that the Class overwhelmingly supports the Settlement.

7. The 10.8% claims rate also indicates that the notice program executed in this case was successful. In addition to the direct notice that was issued to Class Members, Atticus also posted the claims form, settlement agreement, long form notice, motion for preliminary approval, and the motion for attorneys' fees and expenses on the Settlement Website. Class Counsel worked closely with the Settlement Administrator to develop and implement the notice program preliminarily approved by the Court.

## CLASS COUNSEL'S UPDATED EXPENSES

8. Under the Settlement, Class Counsel may seek up to 1/3 of the Settlement Fund ($125,000.00) as attorneys' fees and up to $10,000.00 in litigation expenses. In my June 26, 2023 Declaration in Support of Plaintiff's Motion for Attorneys' Fees and Expenses, I listed expenses of $1,558.24. Class Counsel reduce the expense request by $10 to $1,548.24 due to a price reduction in rebooking roundtrip airfare from Cincinnati to Atlanta.

## THE CLASS REPRESENTATIVE ACTIVELY PARTICIPATED IN THIS LITIGATION

9. Plaintiff was an active participant in this case. She stayed informed about this litigation, reviewed and approved the settlement demand and final settlement amount and Settlement Agreement, and spent substantial time and effort protecting the Class's interests.

10. Plaintiff was informed about the status of settlement negotiations and remained engaged as the Class Representative at all times during the pendency of this matter. She has no conflicts with the Class she represents.

### THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE AND A SUBSTANTIAL RECOVERY FOR THE CLASS

11. Class Counsel believe the Settlement is fair, reasonable, and adequate. Furthermore, there are no undisclosed agreements made in connection with this Settlement.

12. Class Counsel have represented plaintiffs in state and federal courts across the county in data privacy class actions and have achieved many recent favorable results for plaintiffs including serving as class counsel in *John v. Advocate Aurora Health, Inc.*, No. 22-CV-1253-JPS (E.D. Wis.) ($12.25 million data privacy class action settlement). Relying on my experience in handling over 100 data breach class action cases, I can confirm that the $375,000.00 common fund settlement is fair and reasonable for 16,890 Class Members especially considering the more than 10% claims rate. Accordingly, final approval of class action settlement is warranted.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Executed on September 8, 2023, at Cincinnati, Ohio.

*/s/ Terence R. Coates*
Terence R. Coates (0085579)